IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

COLLINS WATSON PEADEN,

     Plaintiff,

v.

FAYETTE COUNTY, Georgia;
CITY OF FAYETTEVILLE,
Georgia; ANTHONY JONES,
individually and in his official
capacity as a law enforcement
officer; SCOTT PITTS,
individually and in his official
capacity as Chief of Police for the
City of Fayetteville, Georgia;
BARRY BABB, individually and in
his official capacity as Sheriff of
Fayette County, Georgia; and
JOHN and/or JANE DOES,
individually and in their official
capacity as law enforcement
officers,

     Defendants.

CIVIL ACTION FILE

NUMBER 3:15-cv-184-TCB

## **O R D E R**

This case comes before the Court on Defendants' motions for

judgment on the pleadings [20 & 30].

## I.   Background[1]

On December 4, 2013, Defendant Antonio Jones, a Fayetteville Police Officer, arrested Plaintiff Collin Watson Peaden for driving on a suspended license and driving without a tag in violation of O.C.G.A. § 40-5-121 and O.C.G.A. § 40-2-20, respectively. Peaden was incarcerated through and including January 16, 2014 at the Fayetteville Police Department ("FPD") jail and the Fayette County Sheriff's Office ("FCSO") jail. A warrant was never issued for Peaden's arrest and he was not brought before a judicial officer as required by O.C.G.A. § 17-4-62. Peaden avers that Defendants willingly and knowingly incarcerated him and failed to bring him before a judicial officer. On December 20, 2013, Peaden filed a petition for a writ of habeas corpus and was released on January 16, 2014 after the Superior Court of Fayette County found that he was unlawfully incarcerated. During his period of incarceration, Peaden was not allowed to contact his family or legal counsel, and he was never informed of the reason for

---

[1] For the purposes of this motion the facts as alleged by Plaintiff are accepted as true. *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008).

his incarceration, which he claims constitutes cruel and unusual punishment.

Peaden claims that Defendant Fayetteville and/or Chief of Police Scott Pitts were responsible for the training, supervision, discipline and retention of the officers involved in his arrest and incarceration at the FPD jail, including Officer Jones and other Jane/John Doe officers. He avers that Fayette County and/or Sheriff Barry Babb were responsible for training, supervision, discipline and retention of officers involved in his incarceration at the FCSO jail. Peaden claims that Defendants knew of his unlawful incarceration and cruel and unusual treatment, willfully and knowingly allowed it to occur and continue, and were never disciplined for it. He states that Defendants' actions have caused him severe mental, emotional, psychological, physical, and financial harm that he continues to suffer.

Peaden is suing all Defendants for violating his rights under both the U.S. and Georgia Constitutions and O.C.G.A. § 17-4-62, and for negligence for wrongfully imprisoning and detaining him under color of state law without bringing him before a judicial officer. Peaden

3

specifically avers that Defendants deprived him of his constitutional right to life, liberty, and pursuit of happiness; Fourth Amendment right to be free from unreasonable search and seizure; Eight Amendment right to be free from cruel and unusual punishment; due process rights under the Fifth and Fourteenth Amendments; freedom from summary punishment under the Fifth, Eighth, and Fourteenth Amendments; and/or any other applicable doctrines. Peaden avers that Fayetteville, Fayette County, Sheriff Babb, and Chief Pitts are liable in their official capacities under the theory of respondeat superior and for negligently hiring, training, and retaining Officer Jones and Jane/John Does under Georgia law. Peaden claims that all Defendants are jointly and severally liable and that Officer Jones, Chief Pitts, and Sheriff Babb are liable for punitive damages in their individual capacities. Peaden is seeking attorney's fees and costs against all Defendants pursuant to 42 U.S.C. § 1988 and Georgia law.

## II.   Discussion

### A.     Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Judgment pursuant to Rule 12(c) is appropriate "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). "A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *Roma Outdoor Creations, Inc. v. City of Cumming*, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008).

When deciding a motion for judgment on the pleadings, the Court accepts factual allegations in the complaint as true and construes all reasonable factual inferences in the Plaintiff's favor. *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations."

5

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994);

*accord Lewis v. Brautigam*, 227 F.2d 124, 127 (5th Cir. 1955). To

survive a motion for judgment on the pleadings, a complaint must

convey factual allegations that amount to "more than labels and

conclusions" and "raise a right to relief above the speculative level." *See*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B.   Municipality Defendants

#### 1.   Liability Under § 1983

Fayette County and the City of Fayetteville are entitled to

judgment because they are not proper § 1983 defendants. "Section 1983

provides a remedy against 'any person' who, under color of state law,

deprives another of rights protected by the Constitution." *Collins v. City*

*of Harker Heights*, 503 U.S. 115, 120 (1992). The statute "does not in

itself create federal rights, but rather provides a vehicle for asserting

those rights in situations where a plaintiff 'was deprived of a federal

right by a person acting under color of state law.'" *Sprauer v. Town of*

*Jupiter*, 331 F. App'x 650, 652 (11th Cir. 2009) (quoting *Griffin v. City of*

*Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001)).

6

Municipalities cannot be held vicariously liable under § 1983 unless the plaintiff can show a "municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell v. Dep't of Soc. Sers.*, 436 U.S. 658, 694 (1978)). "A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Id.* at 404. Under § 1983, "local governments [such as counties] can never be liable . . . for the acts of those [officials] whom the local government has no authority to control." *Grech v. Clatyon Cty.*, 335 F.3d 1326 (11th Cir. 2003).

Fayette County is not in control of the FCSO, the training or supervision of its deputies, or its operation of the Fayette County jail. *Duffey v. Bryant*, 950 F. Supp. 1168, 1174 (M.D. Ga. 1997) (stating that it is well-settled law in Georgia that a county has no authority over a sheriff or his deputies). Fayette County cannot set policies or customs at the FCSO, as Peaden alleges. Therefore, even if Babb or Jane/John Does violated Peaden's constitutional rights, he could not have suffered a violation that is attributable to Fayette County under § 1983.

7

The City of Fayetteville also cannot be held liable under § 1983. Although a city can be liable under § 1983 for inadequate training of its employees, the City of Fayetteville cannot be held vicariously liable for its employees' acts. *Brown*, 520 U.S. at 403. Peaden has done no more than allege that Officer Jones was inadequately trained, supervised and retained by Chief Pitts. Peaden has not alleged any deliberate conduct, policy, or custom of the City of Fayetteville that led to his prolonged incarceration.

Peaden attempts to evade this pleading deficiency by alleging that "Chief Pitts' failure to correct the violations of clearly established laws . . . rose to the level of a custom or policy through tacit authorization or displays of deliberate indifference." [7] at ¶50. However, a "custom" is a practice that is "so widespread as to have the force of law." *Brown*, 520 U.S. at 404, and Peaden has not alleged any possible constitutional violations occurring under Pitts's watch, other than his own. Moreover, a "policy" requires intentional action, not tacit authorization, *id.*, and Peaden has not alleged any intentional acts by Pitts. Thus, despite his attempt to claim the labels of "custom" or "policy," he has pleaded no

facts that would support such a conclusion. Therefore, the City of
Fayetteville is immune from the § 1983 claim and is entitled to
judgment on the pleadings.

### 2.   State-Law Claims

Fayette County and the City of Fayetteville are immune from
Peaden's state-law claims under the Georgia Constitution and
O.C.G.A. § 17-6-42. Sovereign immunity is a threshold issue that must
be decided before reaching the merits of Peaden's claims. *Cameron v.
Lang*, 549 S.E.2d 341 (Ga. 2001).

The Georgia Supreme Court has held that the Georgia
Constitution extends sovereign immunity to its municipalities unless
the General Assembly waives it by law. *Owens v. City of Greenville*, 722
S.E.2d 755, 758 (Ga. 2012) (stating that only the General Assembly can
waive a municipality's sovereign immunity). Peaden bears the burden of
showing that sovereign immunity has been waived. *Koehler v. City of
Atlanta*, 472 S.E.2d 91, 92 (Ga. Ct. App. 1996). Peaden does not point to
any waiver of Fayette County or the City of Fayetteville's sovereign
immunity by the legislature, and the Court is not aware of any express

legislative waiver. Therefore, both Fayette County and the City of Fayetteville are entitled to judgment on Peaden's state-law claims.

### C.    Individual Defendants

#### 1.    Official Capacity Under § 1983

##### a.    Sheriff Babb

Sheriff Babb is immune from § 1983 liability in his official capacity. To prevail on a civil rights claim under § 1983, Peaden must show "[he] was deprived of a federal right by a *person* acting under color of state law." *Molette v. Georgia*, 469 F. App'x 766, 768 (11th Cir. 2012). Although literally persons, Georgia sheriffs are not "persons" under § 1983 while acting in their official capacity. *Id.*; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (stating that suits against state officials in their official capacity are not suits against the official but rather are suits against the official's office). Instead, a suit against Sheriff Babb in his official capacity is a suit against the FCSO. *Id.*; *accord Manders v. Lee*, 338 F.3d 1304, 1328–29 (11th Cir. 2003).

"The Eleventh Amendment to the Constitution bars federal courts from entertaining suits against states." *Abusaid v. Hillsborough Cty.*

*Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1302 (11th Cir. 2005). For Eleventh

Amendment purposes, it is thus important to determine "whether the

entity sued is an arm of the state" or of the county. *Id.* at 1303. This

determination must go beyond mere labels and must take account of

whether the FCSO "represents the State or the county when [it] acts in

a law enforcement capacity." *McMillan* v. *Monroe Cty.*, 520 U.S. 781,

785–86 (1997).

> To determine whether the defendant, while engaged in
> the relevant function, acts as an arm of the state, we conduct
> a four-factor inquiry, taking into account (1) how state law
> defines the entity; (2) what degree of control the state
> maintains over the entity; (3) the source of the entity's funds;
> and (4) who bears financial responsibility for judgments
> entered against the entity. When the defendant entity is a
> county sheriff, our determination is dependent on the law of
> the state in which the sheriff operates.

*Abusaid*, 405 F.3d at 1303 (citation omitted).

"Georgia's Constitution designates the sheriff as a 'county officer'

but, in the same paragraph, grants the state legislature the exclusive

authority to establish and control a sheriff's powers, duties,

qualifications, and minimum salary." *Grech*, 335 F.3d at 1332 (citing

GA. CONST. art. IX, § 1, ¶ 3(a)-(b)). The state controls all qualifications

11

and training for sheriffs, *id.* at 1335, and sets the minimum salary amounts that the counties must pay, *id.* at 1339–40. The state also extends sovereign immunity for state-law claims to the sheriff's office. *Id* at 1340–41. By contrast, "counties have no authority or control over, and no role in, Georgia sheriffs' law enforcement function." *Id.* at 1336. All of these factors indicate that, in most law enforcement functions, Georgia sheriffs are arms of the state, not of the county. *Accord Manders*, 338 F.3d at 1328–29 (11th Cir. 2003) (examining Georgia law to show that most of the four *McMillan* factors indicate that sheriffs operate as arms of the state).

Following the *McMillan* factors, the Eleventh Circuit held that a Georgia sheriff who operated a jail where a plaintiff was detained for more than forty-eight hours after a warrantless arrest before receiving her first appearance was an "arm of the State." *Scruggs v. Lee*, 256 F. App'x 229, 232 (11th Cir. 2007). Therefore, he was entitled to immunity in his function of establishing policies at the jail for processing arrestees. *Id.* Similarly, Babb is entitled to immunity in executing the function of establishing policies for training and supervising his officers

and the local jail. The Jane/John Does are also immune in their official capacities as employees of the sheriff. *See id.* Therefore, for the purposes of this suit, Babb is an "arm of the State" and is entitled to Eleventh Amendment immunity from liability under § 1983.

### b.    Chief Pitts and Officer Jones

Chief Pitts is named as a Defendant in his official capacity, which is essentially a suit against the City of Fayetteville. *See Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991) (holding that any official-capacity claims against the chief of police are "in actuality, suits directly against the city that [the chief of police] represent[s]"). It would be redundant to have claims against Pitts in his official capacity and claims against the city. *Id.* Moreover, as shown above, the City of Fayetteville is not liable under § 1983. Therefore, this Court grants judgment in favor of Pitts in his official capacity under § 1983. For the same reasons, the Court grants judgment in favor of Jones in his official capacity under § 1983.

### 2.  Individual Capacity Under § 1983

### a.  Qualified Immunity Standard

Pitts, Babb, and Jones are entitled to qualified immunity in their individual capacities. "[G]overnment officials performing discretionary functions [are provided] with a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987); *Douglas Asphalt Co.*, 541 F.3d at 1273. In order to claim qualified immunity, a defendant must first establish that the challenged conduct was within the scope of his or her discretionary authority. *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). Once the defendant satisfies that burden, "the burden then shifts to the plaintiffs to establish a constitutional violation." *Id.*

### b.  Sheriff Babb

Peaden's § 1983 claims against Sheriff Babb are based on an alleged failure to train, supervise, and correct the behavior of the officers under his command when they arrested and imprisoned Peaden

14

and did not issue a warrant or grant him a preliminary hearing. However, training and supervision of officers and jail personnel is within Sheriff Babb's discretionary authority. Peaden admits that his supervisory role is discretionary, so Babb is entitled to claim qualified immunity.

A plaintiff seeking to overcome a defendant's qualified immunity privilege must show that (1) the state actor violated the plaintiff's constitutional or statutory rights, and (2) those rights were clearly established at the time the state actor violated them. *Douglas Asphalt Co.*, 541 F.3d at 1273. Peaden merely avers that Babb was responsible for failing to supervise the arresting officers and jail personnel, and alleges no facts to show he had a personal connection to the events beyond his supervisory role.

Sheriff Babb cannot be held liable for respondeat superior liability in his individual capacity under § 1983. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). A supervisor can be held personally responsible "when either (1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection

15

between actions of the supervisor and the alleged constitutional violations." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009). A causal connection can be found "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation [of constitutional rights], and he fails to do so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection can also be found "[when] a supervisor's . . . policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (punctuation omitted). The standard for holding a supervisor liable is very rigorous. *Id.*

Peaden did not allege any facts showing that Babb personally participated in the alleged violations, nor can he show a causal connection between Babb and the alleged constitutional deprivations. Peaden failed to allege any history of widespread abuse that would put Babb on notice of constitutional violations. Peaden did not plead any facts showing that Babb had a policy that resulted in deliberate

16

indifference to constitutional rights. He also failed to plead any facts showing that Babb directed his subordinates to act unlawfully or that they had any knowledge their subordinates would act unlawfully. Therefore, Peaden failed to raise his claim beyond a speculative level, and Babb cannot be held liable under a theory of respondeat superior.

### c.   Chief Pitts

Chief Pitts is immune from liability under § 1983 for the same reasons as Sheriff Babb. Pitts was also sued under a theory of respondeat superior. However, Peaden did not allege any facts to show personal participation by Pitts in the alleged constitutional deprivations, nor did he allege a history of widespread abuse that would put Pitts on notice of constitutional violations. Moreover, Paeden did not plead any facts showing that Pitts instituted a policy that resulted in deliberate indifference to constitutional rights or that he directed his subordinates to act unlawfully. Therefore, Pitts is not liable in his individual capacity under § 1983.

### d.   Officer Jones

Peaden's §1983 claim against Jones is based on his act of arresting Peaden and taking him into custody under color of state law without a warrant. Decisions to arrest are discretionary. *Reed v. DeKalb Cty.*, 589 S.E.2d 584, 587 (Ga. Ct. App. 2003) (stating that decisions to arrest are not ministerial but generally are "discretionary act[s] requiring personal judgment").  Additionally, Jones could lawfully arrest Peaden without violating his constitutional rights because Jones had probable cause to believe that Peaden had committed a criminal offense by driving on a suspended license and driving without a tag. *Lee v. Ferraro*, 284 F.3d 1188, 1194–95 (11th Cir. 2002) (citing *Atwater v. City of Lago Vista*, 532 U.S. 318, 353 (2001)); *see also Grider v. City of Auburn*, 618 F.3d 1240, 1257 (11th Cir. 2010) (holding that qualified immunity will apply if the arresting officer has arguable probable cause to arrest for any offense). Peaden offered no evidence of actual malice or deliberate intent to injure him. Thus, Jones cannot be held liable under § 1983 for violating Peaden's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. *See Reed*, 589 S.E.2d at 588.

### 3.    State-Law Official-Capacity Claims

#### a.    Sheriff Babb

State-law sovereign immunity bars claims against a sheriff in his official capacity unless sovereign immunity has been waived. *Seay v. Cleveland*, 508 S.E.2d 159, 161 (Ga. 1998). Peaden has not alleged any facts showing that sovereign immunity has been waived in this case, and the Court does not know of any. Therefore, neither Sheriff Babb nor any John/Jane Does can be held liable under state law in their official capacities.

#### b.    Chief Pitts and Officer Jones

Chief Pitts is immune from suit in his official capacity because "a cause of action against a municipal police officer in his official capacity is in reality a suit against the municipality involving sovereign immunity." *Rodriguez v. Kraus*, 619 S.E.2d 800, 802 (Ga. Ct. App. 2005). As shown in Part II.A.2, *supra*, the City of Fayetteville has sovereign immunity, so Pitts is entitled to judgment on these claims. For these same reasons, Jones is also immune from suit in his official capacity for violations of state law.

19

### 4.    State-Law Individual-Capacity Claims

Sheriff Babb, Chief Pitts and Officer Jones are entitled to judgment in their individual capacities because they are protected by official immunity. Official immunity is an entitlement not to be sued that must be addressed as a threshold issue before a lawsuit can proceed. *Cosby v. Lewis*, 708 S.E.2d 585, 588 (Ga. Ct. App. 2011). Under official immunity, a public officer or employee is only personally liable "for ministerial acts negligently performed or [for] acts performed with malice or an intent to injure." *Golden v. Vickery*, 645 S.E.2d 695, 696 (Ga. Ct. App. 2007).

As previously discussed, the individual Defendants are sued based on their discretionary actions. *See* Parts II.B.2.c–d, *supra*. Throughout the amended complaint [7] Peaden alleges that these individuals acted "negligently" or "willfully," neither of which encompasses malice or the intent to injure. *See Golden*, 645 S.E.2d at 696. And while Peaden does occasionally accuse the Defendants of "negligent and/or *malicious* actions," [7] at ¶44 (emphasis added), a defendant's state of mind is a legal conclusion, and Peaden has not pled any facts to support a

20

conclusion that Defendants acted intentionally or with malice. *See Kowal*, 16 F.3d at 1276. Accordingly, Babb, Pitts, Jones and any John/Jane Does are protected by official immunity from any state-law individual-capacity claims.

## III.   Conclusion

For the foregoing reasons, Defendants' motions for judgment on the pleadings [20 & 30] are granted. The Clerk is directed to close this case.

IT IS SO ORDERED this 9th day of August, 2016.

Timothy C. Batten, Sr.
United States District Judge